IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLORADO AND SANTA FE ENERGY COMPANY, LLC<br><br>Plaintiff,<br><br>v.<br><br>NEXTANT, INC.,<br><br>Defendant.<br>_____ / | No. C 12-00011 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON MAY 4, 2012, AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are

working on this case be permitted to address some or all of the Court's questions contained herein.

The Court **tentatively denies** Nexant's motion to dismiss, and the parties each shall have fifteen (15) minutes to address the following questions:

1. Does Nexant contend that the conditions at issue were "conditions precedent" or concurrent conditions? It appears to take inconsistent positions in its briefs. (*Compare* Motion at 2 *with* Reply at 5.)

2. Colorado has alleged that as to the first quarter, it did not deliver RECs within the Delivery Period because it could not do so by virtue of WREGIS' structure. It also explains that it used the attestation method, because Nexant stated that it would only accept RECs that were delivered within the Delivery Period. Does Nexant have any additional authority to show that these facts are, as a matter of law, insufficient to allege that Colorado's performance of the conditions was excused?

    a. What is Colorado's response to Nexant's argument on reply that Colorado cannot argue that it was excused from performing by operation of law, because WREGIS is not a governmental entity?

    b. How would Section 14 of the Master Agreement impact this argument, if at all?

3. Does Nexant have any additional authority to support its argument that RECs are "goods" as that term is used in California Commercial Code 2105(1)?

    a. Apart from the issue of materiality, are there any other factual disputes that Colorado contends would preclude the Court from determining whether, as a matter of law the perfect tender rule precludes it from showing that Nexant breached the contract?

4. What is Nexant's response to the argument that the breach of contract and breach of implied covenant claims are not duplicative?

Dated: May 2, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2